MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

MICHELLE J. KANE (CABN 210579)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, CA 94612
    Telephone: (510) 637-3680
    Fax: (510) 637-3724
    E-Mail: michelle.kane3@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 10-00244 EMC |
| Plaintiff, | STIPULATED INTERIM PROTECTIVE ORDER |
| v. | |
| MICHAEL ANTHONY NELSON, | |
| Defendant. | |

    WHEREAS during the course of discovery in the above-captioned criminal case, the United States may produce documents and other items containing information that is potentially covered by the attorney-client privilege (as contemplated by Federal Rules of Evidence 501 and 502), specifically, data contained on an HP Pavilion laptop computer obtained by the Federal Bureau of Investigation from the State Bar of California ("State Bar") and originally taken by the State Bar from the Los Angeles, California, offices of Nelson & Associates; and

    WHEREAS the United States and counsel for defendant Michael Anthony Nelson ("Nelson"), deem it appropriate for the purpose of facilitating pretrial negotiations and to provide for the protection of such information, and with the further understanding that nothing in this

STIPULATED INTERIM PROTECTIVE ORDER
CR 10-244 EMC

stipulated protective order creates any presumption regarding whether the specific information is in fact covered by any attorney-client privilege, and lastly preserving defendant Nelson's rights to challenge any such designation at a later time;

    IT IS HEREBY STIPULATED AND AGREED by and between the United States and counsel for defendant Nelson, that the following definitions and procedures will govern the designation and handling of material and other information produced by the United States during pretrial negotiations, while reserving the question of how such material and information should be handled at trial, and during pre- or post-trial hearings for a future time.

    1. Definitions:

        a. "Confidential Material" shall mean information that the Government contends is potentially covered by the attorney-client privilege..

        b. "Discovery Material" shall mean all materials disclosed by the United States during discovery in this case (regardless of whether the criminal number assigned to this case changes due to the filing of an indictment or superseding indictment).

    2. The United States may designate Discovery Material as Confidential Material to the extent that it believes in good faith that the information or material is or may be Confidential Material as defined in paragraph 1(a) above. Any labeling, segregation, or designation of Discovery Material as "Confidential Material" should be made, whenever possible, in the case of written, tangible, or documentary Discovery Material, at the time that Discovery Material is produced or made known to counsel for defendant Nelson by stamping each page "CONFIDENTIAL" in a manner that is readily distinguishable from any pre-existing confidential designation or by otherwise manifesting the intention that the Discovery Material be considered Confidential Material. Computer memory storage materials such as tapes, diskettes, hard drives, or other memory media containing Discovery Material deemed by the United States as containing Confidential Material shall be labeled on the outside of the media as "CONFIDENTIAL." The Government shall maintain unlabeled, or "clean" copies of all discovery material that it has labeled "CONFIDENTIAL" under this stipulated order, for the future use by the parties in subsequent proceedings.

3. Discovery Material designated as "CONFIDENTIAL" shall be retained by defendant Nelson's counsel in the above-captioned case and furnished, at this time, **to no one other than** defendant Nelson's counsel in the above-captioned case, the staff supporting Nelson's counsel in the above-captioned case such as interpreters, paralegal assistants, and secretarial, stenographic, and clerical employees who are working on this case under the direction of defendant Nelson's counsel and to whom it is necessary that the materials be disclosed for purposes of the defense of this case. In the event that the defendant or his counsel wishes to consult an expert regarding these materials, the procedure for doing so is addressed in paragraph 8 of this agreement. Except as specified in paragraph 8, all such material shall be kept in the offices of defendant Nelson's counsel in the above-captioned case and neither this material nor any copies of this material shall leave that office for any purpose except submission *in camera* to the Court. While defendant Nelson remains detained prior to resolution of the Indictment, his counsel may bring the designated confidential material to the facility in which he is incarcerated to assist in the defendant's preparation but shall not leave any such confidential material with the defendant. All such material shall be used **solely** for the purpose of conducting pre-trial, trial, and appellate proceedings in this case and for no other purpose whatsoever, and shall not be used for the economic benefit of defendant Nelson or for the benefit of any third party. All motions which contain any of the material labeled "CONFIDENTIAL" and which are filed with the Court shall be filed and kept under seal until further order of the Court. Confidential Material filed under seal shall be filed with the Clerk of the Court in sealed envelopes or boxes prominently marked with the caption of this case and the notation:

**"TO BE FILED UNDER SEAL"**

Contains Confidential Material

To Be Opened Only As Directed By The Court

4. The recipient of any Confidential Material that is provided under this Stipulated Interim Protective Order shall keep such information in a manner reasonably intended to preserve and maintain the confidentiality of the information and shall not disclose such information to any individuals except as authorized by this Stipulated Interim Protective Order.

5. At the conclusion of the above-captioned case, counsel for defendant Nelson in the above-captioned case agrees to return or certify the destruction of all Confidential Material to the United States, except as directed by the Court.

6. Nothing herein shall prevent counsel for defendant Nelson from using the Confidential Material or from referring to, quoting, or reciting from any information contained in such Confidential Material in connection with pleadings or motions filed in this case, provided that such materials be filed under seal and/or submitted to the Court for *in camera* inspection. The use of Confidential Material at trial or pre- or post-trial hearing will be resolved at or before the time of the trial or hearing.

7. Should counsel for defendant Nelson dispute the propriety of any designation of Discovery Material as Confidential Material, counsel shall notify the United States in writing. Such notice shall state counsel's position with regard to the matter in issue. Within seven business days from receiving the notice, the United States shall respond to the notice in writing. If, after this exchange of correspondence, counsel for defendant Nelson and the United States cannot resolve their dispute, they may apply to the Court to do so. During the pendency of the dispute and any court resolution thereof, including an appeal of the Court's decision on such motion, the discovery material shall be deemed "CONFIDENTIAL" as designated and shall be covered by the provisions of this Stipulated Interim Protective Order. The parties understand that, as this Stipulated Interim Protective Order is primarily intended to facilitate pretrial negotiations, counsel for defendant Nelson may choose not to formally challenge the Government's designation of certain material as confidential at this stage in the proceedings. Such a failure to challenge the confidential designation does not constitute a waiver on the defendant's part of either the ability to challenge that confidential designation or the ability to contest that certain portions of the designated confidential material is covered by any attorney-client privilege.

8. At such time as counsel for defendant Nelson retains an expert or experts to assist in the review of the Confidential Material, each such person shall execute an Acknowledgment which shall then be submitted to the Court *ex parte* and *in camera* by counsel for defendant. Counsel for defendant Nelson shall not be required to provide said Acknowledgment, or the identity of

the expert who signed it, to the United States, unless so ordered by the Court. The United States retains the right to request that the Court authorize such disclosure. Upon the execution of the Acknowledgment by the expert or expert, those individuals may transfer such material or copies of such material to their offices solely for use in the preparation of the defense of this case. Neither this material nor any copies of this material shall leave the expert's office except to be returned to defense counsel's office for disposition pursuant to Paragraph 5, above. Nothing in this paragraph relieves the defendant of the discovery obligations contained in Fed. R. Crim. P. 16 (b)(1)(C), nor does the United States waive any rights thereunder by entering into this stipulation. By signing and agreeing to the terms of this Stipulated Interim Protective Order, no person shall be deemed to have conceded that any material has been properly designated as confidential.

    9. Nothing in this order shall preclude the United States or counsel for defendant Nelson from applying to the Court for further relief or modification. The parties agreement to enter into this Stipulated Interim Protective Order at this time is for the purpose of pretrial negotiations is not a concession by counsel for defendant that the terms contained herein would be appropriate should the case proceed beyond that stage.

//

10. Willful violation of this Stipulated Interim Protective Order may be punishable by contempt of court, whatever other sanction the Court deems just, or any other sanctions or combination of sanctions which are legally available.

Dated: Feb. 2, 2012

MELINDA HAAG
United States Attorney

MICHELLE J. KANE
Assistant United States Attorney

Dated: 2/1/2012

RONALD C. TYLER
Attorney for defendant Nelson

IT IS SO ORDERED.

Dated:   2/9/12



IT IS SO ORDERED

Judge Edward M. Chen

STIPULATED INTERIM PROTECTIVE ORDER
CR 10-244 EMC                                        6

# AGREEMENT TO BE BOUND BY
# STIPULATED INTERIM PROTECTIVE ORDER

The undersigned, counsel for defendant Michael A. Nelson in the above-captioned case, CR 10-00244 EMC, hereby acknowledge that he has received a copy of the Stipulated Interim Protective Order, has read, understands, and agrees to be bound by all of the provisions thereof, and hereby submits to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Interim Protective Order and the punishment of any violations thereof.

Dated: 2/1/2012

RONALD C. TYLER
Attorney for Defendant Nelson

## ACKNOWLEDGMENT OF STIPULATED PROTECTED ORDER IN:

*United States v. Michael Anthony Nelson*, No. CR 10-00244 EMC

The undersigned hereby acknowledges that he or she has received a copy of the Stipulated Interim Protective Order issued in *United States v. Michael Anthony Nelson*, No. CR 10-00244 EMC, has read, understands, and agrees to the terms of the Stipulated Interim Protective Order, and hereby submits to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Interim Protective Order and the punishment of any violations thereof.

Dated:_____

_____
Signature

_____
Printed Name

_____
Street Address

_____
City, State, and Zip Code

_____
Area Code and Telephone Number