UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL NELSON,<br><br>Defendant. | Case No. 10-cr-00244-EMC-1<br><br>**ORDER RE DEFENDANT'S MOTION FOR CLARIFICATION**<br><br>Docket Nos. 117, 119, 121 |

Defendant Michael Nelson moved the Court on July 3, 2017 "seeking clarification of the fiduciary capacity condition in the judgment in a criminal case." *See* Docket No. 117. He subsequently filed two motions seeking leave to supplement his initial motion on July 21, 2017 and August 4, 2017. *See* Docket Nos. 119, 121. On July 28, 2017, the United States filed a memorandum in opposition to Defendant Nelson's requests. *See* Docket No. 120. For the reasons stated below, the Court now **DENIES** Defendant's motion, without prejudice to his ability to file a petition pursuant to 28 U.S.C. § 2255.

Jurisdiction over Defendant's supervised release has been transferred to the Middle District of Florida pursuant to 18 U.S.C. § 3605, which provides:

> A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court. A later transfer of jurisdiction may be made in the same manner. A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or release that are permitted by this subchapter or subchapter B or D of chapter 227.

Subchapter D of chapter 227 includes 18 U.S.C. § 3583(e), which governs the modification or revocation of conditions of supervised release, such as those requested by Defendant.

Accordingly, pursuant to Section 3605, jurisdiction now lies in the transferee court, not this Court. To the extent Defendant seeks modification of the conditions of supervised release or the manner in which it has been enforced by his probation officer, then he must do so in the Middle District of Florida.

However, to the extent Defendant intends to challenge this Court's sentencing order itself, then he must file a petition pursuant to 28 U.S.C. § 2255. Section 2255 of Title 28 of the U.S. Code provides:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A person subject to supervised release is "in custody" for purposes of § 2255. *Matus-Leva v. U.S.*, 287 F.3d 758, 761 (9th Cir. 2002). This Court, as the sentencing court, would have jurisdiction to review such a habeas petition. *See* 28 U.S.C. § 2255(e) (applicant must petition "to the court which sentenced him").

The Court notes, however, that the United States has argued that Defendant agreed in his written plea agreement "not to file any collateral attack on [his] conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241." Docket No. 120 at 8. The Court thus has concerns about whether Defendant would be entitled to any relief. Defendant's plea agreement states in full:

> I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, except that I reserve my right to claim that my counsel was ineffective in connection with the negotiation of this Agreement or the entry of my guilty plea. I also agree not to seek relief under 18 U.S.C. § 3582.

*See* Docket No. 96 ¶ 5 (Defendant's plea agreement).

On its face, the plea agreement purports to waive Defendant's right to file a § 2255 petition. The Ninth Circuit has held that a "knowing" and "voluntary" waiver of § 2255 rights in a

plea agreement is enforceable. *See*, *e.g.*, *U.S. v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993); *see also U.S. v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) ("A plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly.").

Further, in the context of *appellate* waivers, the Ninth Circuit has held that a plea agreement where defendant waived his right to appeal "any aspect of the sentence" should be construed to include "not only any term of imprisonment, but also fines and conditions of supervised release." *U.S. v. Joyce*, 357 F.3d 921, 923 (9th Cir. 2004). Additionally, the Ninth Circuit has held that a knowing and voluntary appellate waiver "will not apply if . . . . (4) the sentence violates the law." *U.S. v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). "A sentence is illegal if it exceeds the permissible statutory penalty for the crime or violates the Constitution." *Id.* It is not clear whether these exceptions to appellate waivers also apply to § 2255 waivers, but the Court need not consider the question at this time, as there is no § 2255 petition before this Court.

In reaching its decision, the Court has reviewed and considered Defendant's requests for leave to supplement his initial motion, and thus **GRANTS** those motions, *see* Docket Nos. 119, 121. However, the Court **DENIES** Defendant's motion for clarification, see Docket No. 117, without prejudice to his filing a petition pursuant to 28 U.S.C. § 2255, which would require payment of any required filing fees.

This order disposes of Docket Nos. 117, 119, and 121.

**IT IS SO ORDERED**.

Dated: August 16, 2017

_____
EDWARD M. CHEN
United States District Judge